The Honorable Eddy Easley Prosecuting Attorney Seventh Judicial District 215 East Highland Malvern, AR 72104
Dear Mr. Easley:
You have requested an Attorney General's opinion in response to the following questions:
 (1) Is a retired deputy sheriff entitled to compensation for unused sick leave?
 (2) Does A.C.A. § 14-52-107 apply, since it is in the local government section of the code?
 (3) Does the county have the authority to enter into an agreement with union employees to pay union employees for unused sick leave upon their discharge or retirement?
RESPONSE
Question 1 — Is a retired deputy sheriff entitled to compensation forunused sick leave?
It is my opinion that the answer to this question will depend upon the sick leave policies that have been fixed by the quorum court of the county by whom the deputy sheriff in question was employed. State law does not address the issue.
State law empowers county quorum courts to exercise legislative authority concerning the establishment of sick leave policies for county employees. See A.C.A. § 14-14-805(2). State law does not establish such policies for county employees. Deputy sheriffs are county employees.[1]
A.C.A. § 14-14-1206(b); Venhaus v. Adams, 295 Ark. 606, 752 S.W.2d 20
(1988), citing Am. 55, Ark. Const., Beaumont v. Adkisson, 267 Ark. 511,593 S.W.2d 11 (1980), and A.C.A. § 14-14-801(b). Thus, if the county's local sick leave policy allows county employees to be compensated for unused sick leave, the deputy sheriff about whom you inquired will be entitled to such compensation.
Question 2 — Does A.C.A. § 14-52-107 apply, since it is in the localgovernment section of the code?
It is my opinion that A.C.A. § 14-52-107 (which addresses the issue of unused sick leave) does not apply to deputy sheriffs. That statute, as a part of the section of the code governing municipal police departments, applies only to city law enforcement officers and not to county law enforcement officers. It therefore has no applicability to deputy sheriffs, who are county law enforcement officers.
Question 3 — Does the county have the authority to enter into anagreement with union employees to pay union employees for unused sickleave upon their discharge or retirement?
It is my opinion that any sick leave policy that is enacted by the quorum court must apply to all county employees. Therefore, the county does not have the authority to enter into an agreement that would apply a unique sick leave policy to union employees only.[2]
The county's authority to enact sick leave and other personnel policies is conditional. The grant of such authority states:
 [A] quorum court may exercise any legislative authority with regard to employee policy and practices of a general nature, including, but not limited to, establishment of general vacation and sick leave policies, general office hour policies, general policies with reference to nepotism, or general policies to be applicable in the hiring of county employees. Legislation promulgated by a quorum court dealing with matters of employee policy and practices shall be applicable only to employees of the county and shall not apply to the elected county officers of the county. Legislation applying to employee policy practices shall be only of a general nature and shall be uniform in application to all employees of the county. The day-to-day administrative responsibility of each county office shall continue to rest within the discretion of the elected county officials;
A.C.A. § 14-14-805(2) (emphasis added).
Under the unequivocal language of the statute quoted above, a sick leave policy that applies only to union employees would be impermissible.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] It should be noted that this office has previously opined that deputy sheriffs are "officers," as opposed to "employees," for purposes of dual office-holding analysis. See Op. Att'y Gen. No. 97-418. I continue to hold that position. However, for purposes of county personnel policies, it is my opinion that deputy sheriffs are county "employees." I base this conclusion on the fact that for purposes of such policies, state law differentiates between employees and elected officials. See
A.C.A. § 14-14-805(2). In the context of this type of dichotomy, deputy sheriffs are clearly employees rather than elected officials.
[2] I do not address the broader question of whether counties have the authority, generally, to enter into collective bargaining agreements. I do note, however, that A.C.A. § 14-14-805(2) prohibits counties from enacting legislation "that applies to or affects the provision of collective bargaining. . . ."